UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

BLUEGRASS MORTGAGE SERVICES, INC.

DEBTOR                                    CASE NO. 09-21946


DEMETRIOUS SMITH                          PLAINTIFF


VS.                                       ADV. NO. 10-2007


BLUEGRASS MORTGAGE a/k/a
National Mortgage Funding                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Defendant's Motion to Dismiss and Strike Pleadings (Doc. #10) which was heard on May 13, 2010.  The Defendant has brought its Motion pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rules of Civil Procedure 12(b)(6) and 12(f), seeking an order dismissing and/or striking the Complaint filed against it by the Plaintiff.  The Plaintiff has alleged that this is a core proceeding pursuant to 28 U.S.C. § 157.  For the reasons set out below, the Defendant's Motion is sustained.

The Defendant states that it is impossible to respond to the allegations of the Complaint, which initially appear to object to the Defendant's discharge.  Because the Debtor/Defendant is a corporation, no discharge can be sought by the Defendant or granted by the court.  11 U.S.C. 727(a)(1).  The Defendant's bankruptcy case being a liquidation of the Debtor/Defendant's remaining assets, distribution of funds to creditors is already ongoing.  The Defendant further states that because there is

1

no discharge about which the Plaintiff can complain, dismissal is appropriate pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6), and that in addition, dismissal is appropriate as the allegations raised in the Plaintiff's filings are not sufficient to state a claim. The court agrees.

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), is for failure to state a claim upon which relief can be granted. The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), considered what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act in light of a Rule 12(b)(6) motion to dismiss for failure to state a claim:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . ., a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level.
> . . .
> The need at the pleading stage for allegations plausibly suggesting . . . agreement reflects the threshold requirement of Rule 8(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief.

*Id.* at 1964-1965 (internal quotations and citations omitted). *See also Ashcroft v. Iqbal*, ___U.S.___ , 129 S. Ct. 1937 (2009) (Complaint must contain factual matter sufficient to state a claim that is plausible on its face).

Further, as set out in *Perniciaro v. Natale (In re Natale)*, 136 B.R. 344 (Bankr. E.D. N.Y. 1992), the court, in determining such a motion

> must presume that the factual allegations of the complaint are true and all reasonable inferences are to be made in favor of the nonmoving party. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S.Ct. 1843, 1848-49, 23 L.Ed.2d 404 (1969). The

2

> purpose of a motion to dismiss is to assess the legal sufficiency
> of a complaint, not to judge the weight of evidence which might
> be offered in its support. *Geisler v. Petrocelli*, 616 F.2d
> 636, 639 (2nd Cir. 1980).
>
> However, on a motion to dismiss, it is clear that the court
> does not have to accept every allegation in the complaint as
> true in assessing its sufficiency. 5A Charles A. Wright &
> Arthur R. Miller, *Federal Practice and Procedure* §1357, at
> 311-18 (2d ed. 1990). The allegations of a complaint must be
> "well-pleaded" and thus the court need not accept "sweeping
> and unwarranted averments of fact." *Haynesworth v. Miller*,
> 820 F.2d 1245, 1254 (D.C.Cir. 1987). Legal conclusions,
> deductions or opinions couched as factual allegations in a
> complaint are not given a presumption of truthfulness. 2A James
> Wm. Moore et al., *Moore's Federal Practice* ¶12.07[2.-5], at
> 12-63 to 12-64 (2d ed. 1991). A complaint is subject to
> dismissal if it fails to allege a required element which is
> necessary to obtain relief sought. Moore, *supra*, at 12-68;
> (cite omitted). A motion under Fed.R.Civ.P. 12(b)(6) should
> also be granted if a bar to relief is apparent from the face
> of the complaint. Moore, *supra*, at 12-68 to 12-69.

*Id.* at 348. The court's task under Rule 12(b)(6) is then to determine

the sufficiency, and not the merits, of the Complaint. *See also Am. Express*

*Travel Related Serv. Co. v. Henein*, 257 B.R. 702 (E.D. N.Y. 2001), and

*Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236 (6th Cir.

1993).

The Complaint filed herein contains many "sweeping and unwarranted

averments of fact," most of which appear to be accusations of misdeeds

by various non-party judges, attorneys, trustees, and other parties at

whose hands the Plaintiff believes he has been wronged. What the Complaint

does not contain is any allegation sufficient to state a claim that is

plausible on its face to sustain any action against this Defendant.

Specifically, as stated above, to the extent the Complaint seeks to deny

the Debtor/Defendant a discharge it asserts no claim that is plausible

on its face. The court therefore concludes that the Defendant's Motion

to Dismiss should be granted, and this matter is hereby dismissed.

In view of this decision, the Defendant's Motion to Strike Pleadings is

3

rendered moot.


Copies to:

Stuart P. Brown, Esq.
Demetrious Smith

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document*
*has been signed by the Judge and electronically entered by the Clerk in the*
*official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Friday, June 11, 2010**
**(tnw)**